NORTH CAROLINA

GUILFORD COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
2016 SEP 21 16-CVS-7593

FILED
GUILFORD CO., C.S.C.
BY _____

ADJOAVI V. SOUMAGBO,

    Plaintiff,

v.

CARDINAL HEALTH,

    Defendant.

COMPLAINT

Plaintiff, complaining of defendant, alleges and says:

1. Plaintiff is a citizen and resident of Greensboro, Guilford County, North Carolina.

2. Defendant is a corporation, organized and existing under the laws of the state of North Carolina, with an office and place of business in Greensboro, Guilford County, North Carolina.

3. Plaintiff was employed by defendant beginning January 15, 2007.

4. Plaintiff's job with defendant was picking and packing medicine for patients.

5. Plaintiff is a native of Togo, an African nation, and she is of African ancestry. Plaintiff has been a citizen of the United States since 2005.

6. At all material times hereto, plaintiff carried out the duties of her job

in a fully acceptable way, meeting and exceeding the reasonable expectations of defendant, and the standards established by defendant for her performance.

7. At all material times hereto, plaintiff followed all orders and directives given to her by her supervisors and managers; plaintiff abided by all rules and regulations of defendant; and plaintiff obeyed the law. At no time did defendant subject plaintiff to any disciplinary procedures or give her any warning that her job was in jeopardy.

8. There were a number of Caucasian employees, who were natives of the United States, who did the same job for defendant of picking and packing medicines as was done by plaintiff.

9. Beginning in 2015, defendant required plaintiff to lift extremely heavy packages of medicines. The other employees, including the Caucasian employees, were not required to lift these packages. The lifting of these packages was burdensome and difficult for plaintiff, who is only about five feet, four inches in height, of slender build, and is presently 46 years of age. When plaintiff had visible difficulty lifting these packages, her manager, a person not of African descent, laughed at her, and said with amusement, "It is too hard for her."

10. Defendant dismissed plaintiff as its employee on May 4, 2016.

11. Defendant's dismissal of plaintiff was solely on account of her race

2

and national origin, and amounted to unlawful discrimination against her in violation of 42 U.S.C. § 2000e-2(a).

12. At all material times hereto, defendant has had more than 15, and more than 500, employees in each of 20 or more calendar weeks in the current or preceding calendar year.

13. Plaintiff filed a charge of discrimination against defendant with the Equal Employment Opportunity Commission on July 21, 2016, complaining of the foregoing discrimination on the basis of race and national origin, as required by 42 U.S.C. § 2000e-5(b)(e).

14. Plaintiff was notified by the Equal Employment Opportunity Commission on July 26, 2016, of her right to file suit against defendant within 90 days after receipt of that notification, in accordance with 42 U.S.C. § 2000e-5(f).

15. Plaintiff has been directly and proximately damaged by defendant's wrongful conduct, including loss of pay and benefits, emotional pain and suffering, mental anguish, inconvenience, and injury to reputation.

16. Because defendant engaged in the discriminatory conduct with malice and reckless indifference to the protected rights of plaintiff, defendant is liable for punitive damages in accordance with 42 U.S.C. § 1981a(a)(2)(b)(3).

17. Plaintiff's damages, compensatory and punitive, incurred and to be incurred, are in an amount in excess of $10,000.00.

3

18. Plaintiff is suffering continuing irreparable harm by being deprived of her position of employment with defendant, and plaintiff is entitled to an injunctive order of reinstatement or alternatively, front pay.

WHEREFORE, plaintiff prays that she have and recover her damages of defendant, together with such interest thereon as is provided by law, that the court grant plaintiff injunctive relief against defendant, including reinstatement of plaintiff as its employee, that the costs of this action be taxed against defendant, that plaintiff recover her reasonable attorney's fees of defendant as provided in 42 U.S.C. § 2000e-5(k), that all issues of fact be tried by jury, and that plaintiff have such other and further relief as to the court may seem just and proper.

Attorney for Plaintiff
Norman B. Smith
NCSB 4962
Smith, James, Rowlett & Cohen, LLP
PO Box 990
Greensboro, NC 27402-0990
Tel: (336) 274-2992
Fax: (336) 274-8490
Email: normanbsmith@earthlink.net

4